IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 7:08-CV-61-O |
| | § | |
| SHIRLEY S. FINCANON, *a/k/a* | § | |
| *Shirley S. Brent*, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Default Judgment ("Pl. Mot.") filed August 15, 2008. Having reviewed Plaintiff's motion, the relevant filings and the applicable law, the Court finds that Plaintiff's Motion should be and is hereby **GRANTED**.

### I.  Factual and Procedural Background

This action originates from a suit for default on the repayment of a student loan. Plaintiff United States of America ("Plaintiff") filed the underlying complaint on behalf of the Department of Education ("DOE"). (Pl. Comp. at 2). Defendant Shirley S. Fincanon ("Defendant") applied for and signed a promissory note for a Federal Family Education Loan Program Consolidation loan ("the loan") from the Student Loan Marketing Association ("SallieMae") on July 29, 1996. (Appendix to Pl. Comp., Exhibits 1 & 2). The loan was dispersed by SallieMae on October 31, 1996 in the amount of $12,613.70, was guaranteed by Texas Guaranteed Student Loan Corporation ("Guarantor"), and was reinsured by DOE. (Appendix to Pl. Comp., Exhibit 2).

SallieMae credited $171.27 to the outstanding principal owed on the loan, and demanded payment from Defendant on the remaining principal and interest according to the terms of the

promissory note. *Id*. Defendant defaulted on the loan repayment on December 24, 1996, prompting SallieMae to file a claim with Guarantor for $13,509.40, which Guarantor paid. *Id.* The amount of the claim paid by Guarantor to SallieMae reflects the principal amount disbursed on October 31, 1996, less the $171.27 credit made to the principal debt, plus unpaid interest on the principal amount. *Id.* Upon payment of the claim by Guarantor, the portion of the claim constituting unpaid interest was capitalized and became part of the principal payable to Guarantor, pursuant to 34 C.F.R. § 682.410(b)(4), bringing the total principal amount due to $13,509.40. *Id.*

Guarantor was reimbursed by DOE for the claim payment pursuant to Guarantor's reinsurance agreement with DOE. (Appendix to Pl. Comp., Exhibit 2). Guarantor then attempted to collect the debt from Defendant but was unsuccessful, and assigned title to the loan to DOE on January 16, 2004. *Id.* DOE credited $347.71 in payments on the loan, including Treasury Department offsets, and the United States is now the holder of the note. *Id.* As of June 13, 2008 the total amount of principal due on the debt remained at $13,509.40, and the amount of interest due was $10,579.88. (Pl. Mot. at 1).

DOE attempted to collect on the debt as well but was unsuccessful, and on April 18, 2008 Plaintiff filed this lawsuit to recover the debt in federal court based on subject matter jurisdiction under 28 U.S.C. § 1345 and 28 U.S.C. § 3001 *et seq*. *See* Doc. No. 1 (7:08-CV-00061-O) (N.D. Tex. April 18, 2008). Summons was issued by the Clerk of the Court on the same date. *See* Doc. No. 4 (7:08-CV-00061-O) (N.D. Tex. April 18, 2008). Plaintiff filed proof of service on June 13, 2008, showing that Defendant was served with copies of the summons and complaint on May 9, 2008. *See* Doc. Nos. 6, 7 (7:08-CV-00061-O) (N.D. Tex. April 18, 2008). Defendant did not file an answer or other responsive pleading within the twenty (20) day deadline required

by Rule 12 of the Federal Rules of Civil Procedure. On June 13, 2008, thirty five (35) days after Defendant was served, Plaintiff requested an entry of default against Defendant from the Clerk of the Court, and the Clerk entered default against Defendant on August 13, 2008.[1] *See* Doc. Nos. 8, 9 (7:08-CV-00061-O) (N.D. Tex. April 18, 2008). Plaintiff now seeks a default judgment against Defendant for the amount of the principal due to Plaintiff, plus pre- and post-judgment interest thereon. (Pl. Comp. at 3; Pl. Mot. at 1). The issue is now ripe for consideration.

## **II.** **Discussion**

Entry of a party's default must be made by the clerk of the court before a default judgment may be granted. FED. R. CIV. P. 55(a), (b); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). Once an entry of default has been made, default judgment may be granted. FED. R. CIV. P. 55(a), (b); *Brown*, 84 F.3d at 141. In deciding whether to grant a default judgment, courts must remember that default judgment is "a drastic remedy," that it is not required as a right of any party even if the non-movant is technically in default, and that it is "resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). For example, default judgment is appropriate when a party's non-responsiveness has halted the adversary process. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

A number of factors must be considered in determining whether a default judgment should be granted: (1) whether material issues of fact are at issue; (2) whether there has been

---

[1] Plaintiff's Motion for Default Judgment incorrectly stated that entry of default was made on May 9, 2008. (Pl. Mot. at 1). However, that is the date Defendant was served with the summons and complaint, and default was not entered until August 18, 2008. *See* Doc. Nos. 7, 9 (7:08-CV-00061-O) (N.D. Tex. April 18, 2008).

substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would itself be obligated to set aside the default on the defendant's motion.[2] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

In determining whether default in the present case is appropriate, the Court considers each of the factors set forth in *Lindsey*. In light of these factors, the Court finds that the facts of the present case demonstrate that Defendant is in default and that such default was properly entered by the Clerk of the Court. *See* FED. R. CIV. P. 55(a). To date, Defendant has not filed any responsive pleadings or otherwise made an appearance before the Court. Defendant has failed to do so despite having received proper service of the summons, complaint, and notice of all other filings made by Plaintiff. *See* FED. R. CIV. P. 5; *see also* Doc. Nos. 6-11. Plaintiff has demonstrated these facts by affidavit. *See* FED. R. CIV. P. 55(a). Moreover, the twenty day deadline for Defendant to file an answer has expired. FED. R. CIV. P. 12(a)(1)(A)(i), 55(a); *see also,* Pl. Req. for Entry of Default, Exhibit 1. Accordingly, the only remaining issue for the Court to consider is whether default judgment should be granted. *See* FED. R. CIV. P. 55(a), (b); *Brown*, 84 F.3d at 141.

In the present case, Defendant's failure to respond has brought the adversary process to a halt, effectively prejudicing Plaintiff's interests. *Lindsey*, 161 F.3d at 893; *see also Sun Bank*, 874 F.2d at 276. Due to Defendant's non-responsiveness, no material issues of fact have been placed in dispute. *Lindsey*, 161 F.3d at 893; *see also Nishimatsu Const. Co. v. Houston Nat.*

---

[2] As to the sixth factor listed, entry of default can be set aside for "good cause." FED. R. CIV. P. 55(c). Factors used by the Fifth Circuit to determine "good cause" include: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). These factors appear to be subsumed by the default judgment factors listed in *Lindsey*, making the sixth factor in *Lindsey* a "catch-all," so that default judgment must be denied wherever "good cause" sufficient to set aside default exists.

*Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). There is no evidence indicating that "a good faith mistake or excusable neglect" caused the default, and Defendant has had ample time to answer, mitigating the harshness of a default judgment. *Lindsey*, 161 F.3d at 893. Finally, based on the facts known to the Court, the Court cannot find any "good cause" for which it would be obligated to set aside the default if challenged by Defendant. *See Id.*; *CJC Holdings*, 979 F.2d at 64. It therefore appears that all prerequisites for default judgment have been satisfied.

As to the amount requested by Plaintiff, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Plaintiff has filed documentation and affidavits supporting the amount requested for its suit on a defaulted loan. (Appendix to Comp., Exhibit 2; Appendix to Pl. Mot., Exhibit A). The amount demanded in Plaintiff's pleadings is $22,917.12, plus interest accruing after June 27, 2007 at $3.33 per day up to the date of judgment, plus post judgment interest. Pl. Comp. at 3. Given the collection efforts made by Plaintiff and Plaintiff's predecessors in title to the note on the loan, the Court is of the opinion that Plaintiff's requests are reasonable and should be, and are hereby, granted.

## III. Conclusion

Based on the foregoing analysis, the Court concludes that the Plaintiff's Motion for Default Judgment should be **GRANTED**. Accordingly, the Court will enter a default judgment consistent with its findings herein.

**SO ORDERED** on this 6th day of February, 2009.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**